IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUMAN VARANASI, | ) | |
| ID # 10426-111, | ) | |
| Movant, | ) | No. 3:08-CV-0937-B (BH) |
| vs. | ) | No. 3:05-CR-0320-B (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:05-CR-0320-B. The respondent is the United States of America (Government).

### B. Factual and Procedural History

On December 6, 2005, movant was indicted for mail and wire fraud (Counts 1 through 12). After six days of trial, the Court found him guilty of all counts on September 18, 2006. On June 7, 2007, the Court sentenced him to fifty months imprisonment to be followed by a three-year term of supervised release. On March 4, 2008, his appeal was withdrawn on his own motion.

In June 2008, movant commenced this action pursuant to 28 U.S.C. § 2255. In July 2008,

he filed an amended motion to vacate where he raises five claims: (1) ineffective assistance of counsel; (2) improper enhancements; (3) incorrect loss amount; (4) failure to consider deportation consequences when fashioning sentence; and (5) inappropriate behavior of case agent. On September 8, 2008, the government filed a response in which it asserts that Claim 2 is not cognizable on collateral review; Claims 3, 4, and 5 are procedurally barred; and Claim 1 is without merit. Movant has filed no reply.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

In addition, defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted. *Id.* Furthermore, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default

2

doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). In addition, a showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

A. <u>Non-Cognizable Claim</u>

In Claim 2, movant asserts that his sentence was improperly enhanced based upon loans from friends and family.

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *E.g.*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* Accordingly, movant's claim regarding the misapplication of the guidelines is not cognizable under § 2255 and thus entitles movant to no relief.[1]

B. <u>Procedurally Barred Claims</u>

In Claims 3, 4, and 5, movant complains about an incorrect loss amount due to repayment of funds, a failure to consider deportation consequences when determining his sentence, and inappropriate behavior of a case agent. Because he failed to obtain an appellate ruling on these issues, movant must show cause for that failure, and actual prejudice from the alleged errors unless he can establish that he is actually innocent of the offenses for which he was convicted. Movant does not

---

[1] Because movant does not identify what enhancements were improper or which loans should have been excluded, this claim also fails because it is conclusory. Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998).

3

allege that he is actually innocent. Nor does he present any cause for not obtaining an appellate ruling on the claims. In addition, he has shown no actual prejudice from the asserted errors. Because the Presentence Report (PSR) accounted for reimbursements that movant made to his victims, (*see* PSR ¶¶ 35, 49), Claim 3 appears to have no merit. That movant is a deportable alien does not of itself establish prejudice for Claim 4 because this status is insufficient standing alone to obtain a lower sentence, and movant presents no extraordinary circumstances that would warrant a reduced sentence. *See United States v. Foote*, Nos. 3:97-CR-263-R, 3:99-CV-838-R, 2001 WL 671465, at *3 (N.D. Tex. June 2001) (adopting recommendation of Mag. J. addressing similar claim). The Court finds no prejudice related to Claim 5 because it is conclusory.

For all of these reasons, Claims 3, 4, and 5 are procedurally barred from federal collateral review. The Court thus proceeds to movant's claims of ineffective assistance of counsel.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim 1, movant contends that his attorney rendered ineffective assistance when counsel failed to (1) provide the Court with a complete report of mitigating factors presented to counsel; (2) subpoena key witnesses; and (3) investigate key facts.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of trial counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order.

4

*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient under the first prong of *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under the second prong of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the sentencing context, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Moreover, movants must "affirmatively prove prejudice." *Id.* at 693. In other words, movants must present "strong proof of prejudice." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002). Mere speculation and conjecture do not suffice. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise

a constitutional issue in a federal habeas proceeding").

In this instance, movant provides absolutely no particulars regarding the claimed ineffective assistance of counsel. He identifies no mitigating evidence not presented to the Court, no witness that was not subpoenaed or the substance of the omitted testimony from such witnesses, and no facts that were not investigated. Movant's claims of ineffective assistance of counsel are completely conclusory. Movant has not shown the conduct of counsel to be deficient or any resulting prejudice from the alleged deficiencies. He has shown no reasonable probability that but for the alleged deficiencies the outcome of his trial would have differed or that he would have received a less harsh sentence. For all of these reasons, Claim 1 entitles movant to no relief in this § 2255 action.

## IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

SIGNED this 23rd day of December, 2008.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE